# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**TIMOTHY HINDS,**

       **Plaintiff,**

**v.**                                                                               Case No:   6:18-cv-1415-Orl-37KRS

**BRANDON GLATTHORN and THE
CITY OF ORLANDO POLICE
DEPARTMENT,**

       **Defendants.**

## AMENDED REPORT AND RECOMMENDATION[1]

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**  APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS (Doc. No. 2)
>
> **FILED:**  August 28, 2018

### I.   PROCEDURAL HISTORY.

On August 28, 2018, Plaintiff Timothy Hinds filed a complaint against Defendants the City of Orlando Police Department ("OPD") and Officer Brandon Glatthorn both individually and in his professional capacity.  Doc. No. 1.  He alleged a violation of his civil rights pursuant to 42 U.S.C. § 1983 based on a violation of the Fourth Amendment.  *Id.* at 3.

---

[1] The **Clerk of Court** is directed to terminate my original Report and Recommendation (Doc. No. 5).

With his complaint, Hinds filed an Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form), which I construed as a motion to proceed *in forma pauperis*. Doc. No. 3. The motion was referred to me for issuance of a Report and Recommendation.

I issued a Report and Recommendation recommending that the complaint be dismissed because OPD is not an entity subject to suit under § 1983. Doc. No. 5, at 4. In addition, Hinds failed to state a valid claim against Officer Glatthorn under the Fourth Amendment because the complaint failed to specifically implicate Officer Glatthorn, and even assuming it did, the complaint failed to state a violation of the Fourth Amendment. *Id.* at 4–5. However, before the Court ruled on the Report and Recommendation, Hinds filed an amended complaint. Doc. No. 6. Accordingly, my September 11, 2018 Report and Recommendation (Doc. No. 5) is **WITHDRAWN** because the complaint it addresses has been amended.

In the amended complaint, Hinds again seeks redress against the same defendants: OPD and Officer Glatthorn. Doc. No. 6, at 2. In the amended complaint, he specifically alleges that Officer Glatthorn was the police officer who conducted the traffic stop about which he complains. *Id.* at 9. He alleges violations of both the Fourth and Fourteenth Amendments pursuant to § 1983. *Id.* at 3, 7. He also alleges a violation of Title VI of the Civil Rights Act of 1964. *Id.*

Hinds alleges that on August 22, 2018, while he was driving in downtown Orlando, Officer Glatthorn passed him in the opposite lane, made a U-turn, and pulled his vehicle next to Hinds. *Id.* at 6. Hinds "speeded up a little bit to pass the officer while doing the speed limit," Officer Glatthorn pulled behind him and turned on his lights, and Hinds pulled into a parking lot. *Id.* at 7. Officer Glatthorn issued Hinds a ticket for an expired vehicle tag. *Id.* Hinds alleges that Officer Glatthorn explained that the decal sticker on his license plate was for a mobile home and not for the vehicle Hinds was driving. *Id.* Hinds further alleges that Officer Glatthorn pulled him over because he is

African-American, and "there is no way to have ever known that my tag was expired if that decal sticker on my truck is the only visible one on my tag[.]  The officer [Brandon Glatthorn] would have had to search that information and he did just that by way of exploitation violating my Fourth Amendment 14th Amendment and Title VI of the Civil Rights Act of 1964."  *Id.*  Hinds claims that he was "racially profiled and targeted because [he] is black."  *Id.* at 8.  He alleges psychological, mental and emotional pain; "unpleasant feeling of a psychological, non-physical origin hurt as a human being"; mental suffering; mental torment; "psychological spiritual soul pain"; discrimination; harassment; discriminatory traffic stop; and headaches.  *Id.* at 5.  He seeks $670,000 in damages for each month that he "feel[s] this pain caused by Officer Brandon Glatthorn," and $670,000 in damages from OPD based on its employment of Officer Glatthorn.  *Id.*

## II.     STANDARD OF REVIEW.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), when a plaintiff seeks to proceed *in forma pauperis*, the Court is required to consider whether the plaintiff's complaint is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See also* Local Rule 4.07; *Mitchell v. Farcass*, 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) (Lay, J., concurring) ("Section 1915(e) applies to all [in forma pauperis] litigants— prisoners who pay fees on an installment basis, prisoners who pay nothing, and nonprisoners in both categories.").  A complaint is frivolous within the meaning of § 1915(e)(2)(b) if it "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Accordingly, "[f]actual allegations must be enough to raise a right to

relief above the speculative level," and possess "enough heft to sho[w] that the pleader is entitled to relief." *Twombly*, 550 U.S. at 555, 556–57.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678.

A *pro se* complaint should be construed leniently, but a court does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action."  *GJR Invs. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Iqbal*, 556 U.S. 662.  Moreover, a *pro se* litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure."  *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.), *cert. denied*, 493 U.S. 863 (1989).

### III. ANALYSIS.

Hinds bases his amended complaint on 42 U.S.C. § 1983, for violations of the Fourth and Fourteenth Amendments, as well as Title VI of the Civil Rights Act of 1964.  Doc. No. 6, at 3, 7.  As explained below, however, Hinds's amended complaint fails to state a cause of action, and his claims against OPD and Officer Glatthorn are due to be dismissed.

#### A. Section 1983.

Section 1983 establishes a civil cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" caused by a person acting under color of state law.  42 U.S.C. § 1983.  "Section 1983 itself provides no substantive rights, but only serves as a vehicle 'for vindicating federal rights elsewhere conferred.'"  *Eloy v. Guillot*, 289 F. App'x 339, 344 n.10 (11th Cir. 2008)[2] (quoting *Albright v. Oliver*, 510 U.S. 266, 271 (1994)).  A complaint alleging a violation of § 1983 must identify the specific constitutional right at issue —"[v]ague and

---

[2] Unpublished opinions of the Eleventh Circuit are cited as persuasive authority.

conclusory allegations lacking factual support cannot support a viable § 1983 cause of action." *Cedeno v. Gee*, No. 8:10-CV-484-T-30AEP, 2010 WL 1417273, at *2 (M.D. Fla. Apr. 7, 2010).

### 1.  *Defendant OPD.*

As noted in the initial Report and Recommendation, only legal entities are subject to suit under § 1983. In the City of Orlando, the police department is an agent of the city and is not a legal entity subject to suit. *Vaughn v. City of Orlando*, No. 6:07-cv-1695-Orl-19UAM, 2008 WL 151885, at * 5 (M.D. Fla. Jan. 15, 2008). Accordingly, Hinds's § 1983 claim against Defendant OPD is due to be dismissed.

### 2.  *Defendant Officer Glatthorn.*

Section 1983 provides a private right of action for Fourth Amendment violations. *E.g.*, *Hoefling v. City of Miami*, 811 F.3d 1271, 1281 (11th Cir. 2016). To establish a Fourth Amendment violation, Hinds "must demonstrate that a seizure occurred and that it was unreasonable." *Evans v. Hightower*, 117 F.3d 1318, 1320 (11th Cir. 1997). Section 1983 also provides a private cause of action for violations of the Fourteenth Amendment. *See, e.g.*, *Bryant v. Ruvin*, 477 F. App'x 605, 607 (11th Cir. 2012).

Hinds has remedied one deficiency in his initial complaint by specifically naming Officer Glatthorn in the amended complaint as the police officer who stopped his vehicle. Doc. No. 6, at 6–8. However, the allegations of the amended complaint are still insufficient to state a violation of the Fourth Amendment. As explained in the original Report and Recommendation, Hinds alleges that Officer Glatthorn violated the Fourth Amendment by stopping the vehicle he was driving only because he was "driving while black." Doc. No. 6, at 6. The constitutional reasonableness of a traffic stop depends on whether the police officer had probable cause to believe that a traffic violation occurred, not on the actual motivation of the officer. *Whren v. United States*, 517 U.S.

806, 810–13 (1996). It appears from the allegations of the amended complaint that Hinds had an invalid registration decal on his license plate—that is a decal that was not issued for that vehicle. This allegation undermines Hinds's allegation that the traffic stop was not reasonable.

To the extent that Hinds contends that checking the validity of his vehicle tag was an unlawful search, courts that have addressed the issue of reasonable expectation of privacy in a license plate have reached the same conclusion—license plates are in plain view and law enforcement does not violate the Fourth Amendment by running a vehicle tag. *United States v. Ellison*, 462 F.3d 557, 561 (6th Cir. 2006). Therefore, Hinds's allegations are insufficient to state a claim under the Fourth Amendment.

As to the Fourteenth Amendment, Hinds has not explained in the amended complaint how Officer's Glatthorn conduct violated the Fourteenth Amendment or which cause of action pursuant to the Fourteenth Amendment that he seeks to assert. Hinds has not adequately alleged an equal protection claim that he is similarly situated to others who received more favorable treatment, and that he was discriminated against based on a constitutionally protected interest, such as his race. *Bryant*, 477 F. App'x at 607 (citing *Jones v. Ray*, 279 F.3d 944, 946–47 (11th Cir. 2001)). Nor has Hinds alleged that he was deprived of any cognizable interest in "life, liberty, or property, without due process of law." *See* U.S. Const. amend. XIV, § 1. Thus, the allegations in the amended complaint are insufficient to state a claim under the Fourteenth Amendment.

**B.      Title VI of the Civil Rights Act of 1964.**

Title VI "prohibits discrimination on the basis of race, color, or national origin in programs and activities receiving federal financial assistance." *Sheely v. MRI Radiology Network, P.A.*, 505 F.3d 1173, 1191 (11th Cir. 2007). A private right of action exists to enforce Title VI based on claims of intentional discrimination. *Id.* (citing *Barnes v. Gorman*, 536 U.S. 181, 185 (2002)).

In the amended complaint, Hinds lists Title VI as a cause of action but does not explain how either Defendants' alleged conduct states a claim under Title VI.  Hinds "failed to sufficiently allege facts indicating that any of the defendants received federal funds, that he was denied participation in a federally funded program, or that any such denial was based on his race, color, or national origin."  *See Mack v. City of High Springs*, 486 F. App'x 3, 7 (11th Cir. 2012).  Thus, the Court should also dismiss Hinds's claim under Title VI.

### C.     Leave to Amend.

Ordinarily, a *pro se* party should be given one opportunity to file an amended complaint that states a claim within this Court's subject matter jurisdiction on which relief could be granted.  *See Troville v. Venz*, 303 F.3d 1256, 1260 n.5 (11th Cir. 2002).  Although Hinds has already filed one amended complaint, I recommended that the Court permit Hinds to file a second amended complaint after the Court rules on this Report and Recommendation, and that Hinds be permitted to renew his motion to proceed without prepayment of fees if an amended complaint is filed.

As explained in the initial Report and Recommendation, to the extent that Hinds intended to allege that the traffic stop was an intentionally discriminatory application of the law, he may be able to state a cause of action under the Equal Protection Clause of the Constitution rather than the Fourth Amendment.  *Whren*, 517 U.S. at 813.  To the extent that Hinds can allege that discriminatory application of the law occurred because of a policy or custom of the City of Orlando, he may be able to state a claim again the City for violation of § 1983.  *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

If Hinds files a second amended complaint, he must clearly allege the legal basis of the cause of action, whether a constitutional provision, treaty, statute or common law.  Hinds should not

include argument in the amended complaint. Citations of case law and statutes are not appropriate in the complaint, but rather may be included at the time of trial or in a motion for summary judgment.

In addition, Hinds must name as Defendants only those persons who are responsible for the alleged violations. Hinds must allege in the body of the amended complaint, under a section entitled "Statement of Facts," how each named Defendant participated in the activity that allegedly violated Hinds's rights. Hinds must allege some causal connection between each Defendant named and the injury Hinds allegedly sustained. One generally cannot be held liable for the actions and/or omissions of others but can only be held responsible if he or she participated in the deprivation of a person's rights or directed such action and/or omission that resulted in such deprivation. Finally, Hinds must allege specifically how he has been damaged (harmed or injured by the actions and/or omissions of the Defendant(s)).

Hinds should be permitted to file a renewed motion to proceed *in forma pauperis* with his second amended complaint. However, it is **ORDERED** that Hinds shall not file any further amendments to his complaint pending the resolution of this Amended Report and Recommendation.

## IV.    RECOMMENDATION

For the reasons stated above, I **RESPECTFULLY RECOMMEND** that the Court **DISMISS** the amended complaint (Doc. No. 6) and **DIRECT** the Clerk of Court to terminate the motion to proceed *in forma pauperis* (Doc. No. 2). I **RECOMMEND** that the Court give Hinds leave to file a second amended complaint within a time established by the Court along with a renewed motion to proceed *in forma pauperis*. Finally, I **RECOMMEND** that the Court advise

Hinds that failure to file a second amended complaint within the time permitted by the Court will result in dismissal of the case without further notice.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on September 20, 2018.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy