UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TIMOTHY HINDS,

     Plaintiff,

v.                                     Case No. 6:18-cv-1415-Orl-37KRS

BRANDON GLATTHORN; and THE
CITY OF ORLANDO POLICE
DEPARTMENT,

     Defendants.
_____

## ORDER

Plaintiff initiated this civil rights action under 42 U.S.C. § 1983 against Defendants

Brandon Glatthorn ("**Officer Glatthorn**") and the City of Orlando Police Department

("**OPD**") on August 28, 2018, alleging violations of the Fourth Amendment. (Doc. 1

("**Complaint**").) Plaintiff also filed a motion for leave to proceed *in forma pauperis* (Doc. 2

("**IFP Motion**")), triggering review of the Complaint under 28 U.S.C. § 1915(e)(2)(B). On

review, U.S. Magistrate Judge Karla R. Spaulding determined that Plaintiff's allegations

were insufficient to state a claim, so she recommended that: (1) the Complaint be

dismissed; (2) the IFP Motion be terminated; and (3) Plaintiff be granted leave to amend.

(*See* Doc. 5 ("**R&R**").)

Rather than objecting to the R&R, Plaintiff filed an amended complaint against the

same Defendants, this time alleging violations of the Fourth Amendment, Fourteenth

Amendment, and Title VI of the Civil Rights Act of 1964. (Doc. 6 ("**Amended**

**Complaint**").) As a result, Magistrate Judge Spaulding terminated her original R&R and performed the same § 1915(e)(2)(B) review of Plaintiff's Amended Complaint. (Doc. 7 ("**Amended R&R**").) Again, Magistrate Judge Spaulding recommended: (1) dismissing Plaintiff's Amended Complaint; (2) terminating the IFP Motion; and (3) granting Plaintiff leave to amended (*id.* at 8)—findings to which Plaintiff objected (Doc. 8 ("**Objection**")). On de novo review, the Court finds that the Objection is due to be overruled, the Amended R&R adopted, and the Amended Complaint dismissed.

## I.    BACKGROUND

### A.    Plaintiff's Allegations

In the Amended Complaint, Plaintiff alleges that on August 22, 2018, he was driving his truck "while Black" when he was followed and stopped by Officer Glatthorn, an officer with OPD. (Doc. 6, pp. 6–7.) Plaintiff then waited twenty minutes while Officer Glatthorn wrote him a ticket because the tag on his truck belonged to his mobile home license plate. (*Id.* at 7.) Because the only visible tag on his truck was up to date and because Officer Glatthorn would have had to search his license plate information to uncover any traffic violation, Plaintiff alleges that Officer Glatthorn and OPD violated his rights under the Fourth and Fourteenth Amendments and Title VI of the Civil Rights Act by stopping him and conducting that search. (*Id.*) In sum Plaintiff says, "This is not my first time being racially profiled and targeted because I am black. I am sick and tired of this oppression[] by white police officers." (*Id.* at 8.)

### B.    Amended R&R

Magistrate Judge Spaulding recommends dismissing the Amended Complaint for

failure to adequately state a claim for relief against either Defendant. (Doc. 7.) For starters, she found that Plaintiff's § 1983 claims against OPD were due to be dismissed because OPD is an agent of the city and not a legal entity subject to suit under § 1983. (*Id.* at 5.) As to the § 1983 claims against Officer Glatthorn, she determined that they were due to be dismissed because Plaintiff's allegations were insufficient to state a violation of the Fourth Amendment or the Fourteenth Amendment. (*Id.* at 5–6.) Lastly, regarding Plaintiff's Title VI claim against both Defendants, she concluded that this claim was also subject to dismissal because Plaintiff failed to allege facts to show Title VI applies. (*Id.* at 7.)

Yet, despite the glaring deficiencies in Plaintiff's Complaint and Amended Complaint, Magistrate Judge Spaulding recommends that Plaintiff be permitted to file a second amended complaint based on his potential to allege an Equal Protection claim, to bring a *Monell* claim against the City of Orlando, or both. (*Id.* at 7–8.)

### C.    Plaintiff's Objection

Plaintiff objected to the Amended R&R, arguing that Magistrate Judge Spaulding was acting as a defense attorney for Officer Glatthorn and misinterpreted Plaintiff's Amended Complaint. (Doc. 8, p. 1.) He further argued that he has the right to a jury trial, the right to redress under 42 U.S.C. § 1983, and the right to sue under Title VI of the Civil Rights Act. (*Id.*) As a result, Plaintiff asserts that the Amended R&R should be rejected. (*Id.*) With this Objection (*id.*), the matter is ripe.

### II.    LEGAL STANDARDS

When a party objects to a magistrate judge's findings, the district court must

"make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The district court must consider the record and factual issues based on the record independent of the magistrate judge's report. *Ernest S. ex rel. Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990).

## III. ANALYSIS

Before a plaintiff may proceed without paying a filing fee—as Plaintiff seeks to do in this case (*see* Doc. 2)—the court must review the complaint to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2). If a complaint fails to state a claim, the court must dismiss it. *Id.* § 1915(e)(2)(B)(ii). A dismissal under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal under Federal Rule of Civil Procedure 12(b)(6). *Weakley v. Connolly*, 714 F. App'x 972, 973 (11th Cir. 2018)[1]; *see also Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997) ("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6) . . . .").

---

[1] "Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." *Bonilla v. Baker Concrete Const., Inc.*, 487 F.3d 1340, 1345 (11th Cir. 2007).

To survive dismissal, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In testing the sufficiency of a complaint, courts do not consider other matters outside the four corners of the pleading and must: (1) disregard conclusory allegations, bald legal assertions, and formulaic recitation of the elements of a claim; (2) accept the truth of well-pled factual allegations; and (3) view well-pled facts in the light most favorable to the plaintiff. *See Hayes v. U.S. Bank Nat'l Ass'n*, 648 F. App'x 883, 887 (11th Cir. 2016); *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002).

Here, Plaintiff's Objection attacks the Amended R&R's findings regarding the § 1983 and Title VI claims, as he argues that they should not be dismissed because he has the right to bring these claims.[2] (Doc. 8, p. 1.) The Court addresses the Amended R&R's treatment of each of Plaintiff's claims in turn.

### A.     Section 1983 Claims

Plaintiff's first challenge to the Amended R&R's findings is that he has "the right to redress under 42 U.S.C. § 1983." (Doc. 8, p. 1.) But based on the allegations in Plaintiff's Amended Complaint, he has failed to state a § 1983 claim against either the OPD or Officer Glatthorn, so these claims are due to be dismissed.

---

[2] Plaintiff's only other attack on the Amended R&R is that "Magistrate Karla Spaulding is advocating as a defense attorney for Officer Glatthorn." (Doc. 8, p. 1.) But Plaintiff offers no support for this conclusory allegation, and it is clearly belied by even a cursory review of the Amended R&R. *See Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988) ("Frivolous, conclusive, or general objections need not be considered by the district court.").

To start, Plaintiff's Amended Complaint raises § 1983 claims against OPD. (Doc. 6.) The Amended R&R recognizes, however, that OPD is an agent of the city and not a legal entity subject to suit under § 1983. (Doc. 7, p. 5.) Thus, despite Plaintiff's belief to the contrary, the Amended R&R is correct that Plaintiff cannot bring a § 1983 claim against OPD. *See Vaughn v. City of Orlando*, No. 6:07-cv-1695-Orl-19UAM, 2008 WL 151885, at *5 (M.D. Fla. Jan. 15, 2008) (dismissing a plaintiff's §1983 claims against the OPD because "OPD is merely an agent of the city and is not a legal entity subject to suit"). So Plaintiff's § 1983 claims against OPD are due to be dismissed.

Next, Plaintiff's Amended Complaint alleges § 1983 claims against Officer Glatthorn based on the Fourth and Fourteenth Amendments. (Doc. 6.) For Plaintiff to show a Fourth Amendment violation based on an unconstitutional seizure, he "must demonstrate that a seizure occurred and that it was unreasonable." *Evans v. Hightower*, 117 F.3d 1318, 1320 (11th Cir. 1997) (citing *Brower v. Cty. of Inyo*, 489 U.S. 593, 599 (1989)). Regarding traffic stops, reasonableness is determined by the existence of probable cause to believe a traffic violation occurred, not the actual motivation of the officer. *Whren v. United States*, 517 U.S. 806, 810–13 (1996). As the Amended R&R states, although Plaintiff alleges he was stopped for "driving while black," his factual allegations—that he had an invalid registration decal—undermine any assertion that the traffic stop was unreasonable. (Doc. 7, pp. 5–6.) Moreover, to the extent Plaintiff's Fourth Amendment claim hinges on Officer Glatthorn's search of Plaintiff's license plate information, such a search does not rise to a Fourth Amendment violation, as stated in the Amended R&R. (*See id.* at 6 (citing *United States v. Ellison*, 462 F.3d 557, 561 (6th Cir. 2006)).) As Plaintiff

has failed to state a Fourth Amendment claim against Officer Glatthorn, the Amended R&R properly concluded that this claim is due to be dismissed.

The same goes for Plaintiff's Fourteenth Amendment claim—whether intended as an Equal Protection claim or a Due Process claim—against Officer Glatthorn. (*See* Doc. 6, p. 7.) To raise an Equal Protection claim, Plaintiff "must demonstrate that (1) he is similarly situated to others who received more favorable treatment, and (2) his discriminatory treatment was based on some constitutionally protected interest, such as race." *Bryant v. Ruvin*, 477 F. App'x 605, 607 (11th Cir. 2012) (citing *Jones v. Ray*, 279 F.3d 944, 946–47 (11th Cir. 2001)). But the Amended R&R correctly determined that Plaintiff failed to adequately demonstrate either element. (Doc. 7, p. 6.) In the alternative, if Plaintiff attempted to raise a Due Process claim, he failed to allege as required that he was deprived of any interest in "life, liberty, or property, without due process of law." *See* U.S. Const. amend. XIV, § 1. Accordingly, the Amended R&R rightly concluded that Plaintiff failed to state a Fourteenth Amendment claim, necessitating dismissal. (*See also* Doc. 7, p. 6.)

Although Plaintiff disagrees with these findings and asserts that he has a right to redress under § 1983 (Doc. 8, p. 1), he has offered no factual or legal support for his opposition. As Plaintiff has failed to state a claim for the violation of his Fourth or Fourteenth Amendment rights, Plaintiff's Objection is due to be overruled and his § 1983 claims dismissed.

### B.    Title VI Claim

Plaintiff's next challenge is that he has "the right to sue under Title VI of the Civil Right[s] Act." (Doc. 8, p. 1.) But based on the lack of allegations in Plaintiff's Amended Complaint regarding the applicability of Title VI to his case (*see* Doc. 6), he has failed to state a Title VI claim against either OPD or Officer Glatthorn, so this claim is also due to be dismissed.

Title VI "prohibits discrimination on the basis of race, color, or national origin in programs and activities receiving federal financial assistance." *Sheely v. MRI Radiology Network, P.A.*, 505 F.3d 1173, 1191 (11th Cir. 2007). In light of this law, the Amended R&R found that Plaintiff provided no facts to indicate that "any of the defendants received federal funds, that he was denied participation in a federally funded program, or that any such denial was based on his race, color, or national origin." (Doc. 7, p. 7 (quoting *Mack v. City of High Springs*, 486 F. App'x 3, 7 (11th Cir. 2012)).) Because Plaintiff failed to allege sufficient facts to show that Title VI applies, the Amended R&R rightly found that Plaintiff's Title VI claim is subject to dismissal. (*See id.*)

Again, Plaintiff's assertion that he has a right to sue under Title VI does not overcome his failure to allege sufficient facts to state such a claim. (*See* Doc. 8, p. 1.) Thus, Plaintiff's Title VI claim is due to be dismissed and the Objection overruled.

### C.    Leave to Amend

Although Plaintiff already filed an Amended Complaint that failed to state a claim for relief against Defendants, the Amended R&R also recommends that Plaintiff be permitted an opportunity to file a second amended complaint based on his potential to

raise an Equal Protection or a *Monell* claim as well as to renew his IFP Motion. (Doc. 7, p. 7.) In so recommending, the R&R limits Plaintiff's leave to amend as follows:

> If Hinds files a second amended complaint, he must clearly allege the legal basis of the cause of action, whether a constitutional provision, treaty, statute or common law. Hinds should not include argument in the amended complaint. Citations of case law and statutes are not appropriate in the complaint, but rather may be included at the time of trial or in a motion for summary judgment.
>
> In addition, Hinds must name as Defendants only those persons who are responsible for the alleged violations. Hinds must allege in the body of the amended complaint, under a section entitled "Statement of Facts," how each named Defendant participated in the activity that allegedly violated Hinds's rights. Hinds must allege some causal connection between each Defendant named and the injury Hinds allegedly sustained. . . . Finally, Hinds must allege specifically how he has been damaged (harmed or injured by the actions and/or omissions of the Defendant(s)).

(Doc. 7, pp. 7–8.) As leave to amend in this case is appropriate, Plaintiff will be permitted one final opportunity to file a second amended complaint consistent with the directives in the Amended R&R (Doc. 7, pp. 7–8).

## IV. CONCLUSION

Having conducted an independent, de novo review of the portions of the record to which Plaintiff objected, the Court agrees with the findings and conclusions set forth in the Amended R&R. Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Objection to Report and Recommendation (Doc. 8) is **OVERRULED**.

2. U.S. Magistrate Judge Karla R. Spaulding's Amended Report and Recommendation (Doc. 7) is **ADOPTED**, **CONFIRMED**, and made a part of this Order.

3. Plaintiff's Amended Complaint (Doc. 6) is **DISMISSED WITHOUT PREJUDICE.**

4. The Clerk is **DIRECTED** to terminate Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2).

5. On or before Wednesday, **November 21, 2018** Plaintiff may file a second amended complaint consistent with the directives in the Amended Report and Recommendation (Doc. 7) as well as to file a renewed motion for leave to proceed *in forma pauperis*. Failure to timely file will result in the closure of this action without further notice.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on November 7, 2018.

ROY B. DALTON JR.
United States District Judge

Copies to:
*Pro se* party